Dear Representative Hill:
This opinion is in response to your questions asking:
 (1) Does a Petition for the organization of a Special Business District [under Sections 71.790, et seq., RSMo], which expressly states that a property tax is not desired or is silent with regard to the imposition of such a property tax, effectively limit the imposition of such a property tax pursuant to the authority contained in Section 71.800 by the district subsequent to the formation of said district?
 (2) Can the City Council, in enacting an ordinance establishing a Special Business District, expressly prohibit the district from imposing such a property tax pursuant to the authority contained in Section 71.800, by so stating in the ordinance, thus creating a Special District which only has the power to impose one of the two taxes authorized by Section 71.800?
Section 71.790, RSMo, authorizes the governing body of any city to establish special business districts in the manner provided by law, and provides that upon establishment each such district shall be a body corporate and politic and a political subdivision of the state.
Section 71.794 provides that upon receipt of a petition by one or more owners of real property on which is paid the ad valorem real property taxes within the proposed district, the governing body of the city may adopt a resolution of intention to establish a special business district. The resolution must contain certain information, including the proposed uses to which the additional revenue shall be put and the initial tax rate to be levied. If the governing body following a hearing decides to establish the proposed district, it must adopt an ordinance to that effect containing a statement that the property in the area established by the ordinance shall be subject to the provisions of additional tax, the initial rate of levy to be imposed upon the property lying within the boundaries of the district, and the uses to which the additional revenue shall be put.
Section 71.798 provides that the governing body of the city creating the district shall have the sole discretion as to how the revenue derived from any tax to be imposed shall be used within the scope of the purposes of the district.
Section 71.800 provides that the district may impose a tax upon the owners of real property within the district which shall not exceed 85¢ on the $100.00 assessed valuation. It also provides that the district may impose an additional tax on businesses and individuals doing business within the district, but if the governing body imposes any business license taxes, such additional taxes shall not exceed 50% of the business license taxes.
We previously concluded in Opinion Letter No. 269, Snyder, 1973, that the governing body of the city is also the governing body of the special business district.
It is our view that the General Assembly clearly intended that a special business district, as a body corporate and politic and a political subdivision of the state, should be clothed with all of the statutory powers expressly granted in Sections 71.796 and 71.800, and that such powers cannot be abrogated or diminished by any purported limitation in the initiating petition. Although a special business district derives its existence from the actions of the petitioner(s) and the governing body of the municipality, it derives its powers from the legislature and not from the petitioner(s) or the governing body. Thus, it seems clear that Section 71.794 does not authorize the petitioner(s) to limit the powers of the district by any restrictive provisions in the petition submitted pursuant to that section.
The governing body is not required to impose the taxes authorized in Section 71.800 since the authority given in that section is permissive and not mandatory. It is also our view that the city council could not by ordinance preclude itself or succeeding councils from levying any such taxes.
CONCLUSION
It is the opinion of this office that a petition by property owners to establish a special business district under Section71.794, RSMo, cannot limit the authority of the district to levy taxes pursuant to Section 71.800, RSMo, although the district is not required to levy such taxes.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General